Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4214 | **DATE** | June 15, 2012 |
| **CASE TITLE** | Andre Kidd (#B-70866) vs. Wexford Health Sources, Inc., et al. | | |

**DOCKET ENTRY TEXT:**

The court construes Plaintiff's trust account certificate [#3] as a motion for leave to proceed *in forma pauperis* and grants the motion. The court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $20.82 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The Clerk is directed to issue summonses for service on Defendants by the U.S. Marshal. Plaintiff's motion for a preliminary injunction [#5] is denied without prejudice, but the Clerk is directed to mail a copy of this order to the Warden at the Stateville Correctional Center. The court requests that the Warden ensure that Plaintiff is scheduled to see a physician in the prison's health care unit. Plaintiff's motion for appointment of counsel [#4] is granted. Mark Andrew Lies II / Seyfarth Shaw, LLP / 131 South Dearborn Street, Suite 2400 / Chicago, Illinois 60603 / (312) 460-5000 is appointed to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials and health care providers at the Stateville Correctional Center, have violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs – specifically, severe and chronic gastric pain and bleeding from the colon and stomach.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $20.82. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th

mjm

| STATEMENT (continued) |
|---|

Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. That review in this case shows that, accepting Plaintiff's allegations as true, he has articulated a colorable federal cause of action against all Defendants. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action" as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). Though neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference, *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Estelle*, 429 U.S. at 106; *Greeno*, 414 F.3d at 653, deliberate and repeated indifference to Plaintiff's serious complaints may state claims against prison health care providers.

Plaintiff's allegations are also sufficient to state a claim against Warden Hardy, Wexford Health Sources, and Wexford's CEO. The doctrine of *respondeat superior* (blanket supervisory liability) does support claims under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Here, however, Plaintiff expressly alleges that the Warden has ignored numerous pleas for medical attention, and that Wexford and its CEO have a policy to "den[y] medical treatments & tests for no other reason than to help Wexford save money." (Complaint, pp. 12-13.) While a more fully developed record may belie Plaintiff's allegations, all named Defendants must respond to the complaint.

The Clerk shall issue summonses forthwith. The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to former correctional employees who no longer can be found at the work address provided by Plaintiff, the Illinois Department of Corrections and/or Wexford Health Sources, Inc., shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service. The court concludes, further, that appointment of counsel is warranted, and therefore appoints Mark Andrew Lies II / Seyfarth Shaw, LLP / 131 South Dearborn Street, Suite 2400 / Chicago, Illinois 60603 / (312) 460-5000 to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

**(CONTINUED)**

The court turns finally to Plaintiff's motion for a preliminary injunction. Such a remedy is called for where the moving party demonstrates "(1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007), *quoting FoodComm Int'l. v. Berry*, 328 F.3d 300, 303 (7th Cir. 2003). If the moving party can make such a showing, the district court will then balance the relative harms that would result from entry of an injunction. *Woods*, 496 F.3d at 622, *citing Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). A preliminary injunction is an "extraordinary remedy" intended to minimize the hardship to the parties and to preserve the *status quo* pending a more considered decision of the merits when possible. *Indiana Civil Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001).

The court is not inclined to enter a preliminary injunction without a more developed record. Plaintiff is dissatisfied with the quality of his care and seeks an order directing Defendants to provide him with "all appropriate" diagnostic tests. The complaint and memorandum in support of his motion for preliminary injunction reflect that he is in fact receiving some care, though he insists it is not appropriate or effective. On a more fully developed record, the court may well conclude that equitable relief is required; for now, the court denies the motion without prejudice to renewal should Plaintiff's attorney seek such a remedy, and directs the Warden promptly to investigate the need for Plaintiff to receive additional medical testing or treatment.

*[signature: Rebecca R. Pallmeyer]*